■ In the Matter of GLADYS STONEBERG, Respondent, v ALFRED STONEBERG, Appellant.—In a proceeding pursuant to article 4 of the Family Court Act, the husband, Alfred Stoneberg, appeals from an order of the Family Court, Nassau County, dated August 21, 1979, which, after a hearing, *inter alia,* directed that he pay the petitioner child support beyond his daughter's twenty-first birthday. Order reversed, on the law, without costs or disbursements, and matter remitted to the Family Court, Nassau County, for further proceedings consistent herewith. The father's responsibility to contribute towards the support of his daughter, Ellen, as required by the parties' separation agreement, which was incorporated into their divorce decree, was to continue until Ellen's twenty-second birthday only if she diligently and continuously pursued a four-year course of college study. Since Ellen failed to do this, his duty to make such support payments by the terms of the separation agreement terminated upon her twenty-first birthday, November 6, 1978, and it was error for the Family Court to require support payments beyond that date. It was also error for the Family Court to grant the appellant a credit for periods of time prior to Ellen's twenty-first birthday within her college years during which she did not attend school and, instead, engaged in part-time employment. With the exception of several contingencies not involved here, the parties' agreement required payment of child support until Ellen attained the age of 21 regardless of her educational status. Therefore, the father must pay petitioner arrears calculated from September 7, 1977, the date on which he stopped making child support payments, to November 6, 1978, Ellen's twenty-first birth-

day. Upon remand, the Family Court shall recalculate the arrearage for this 61-week period and provide for the return to the father of any moneys paid pursuant to the order appealed from in excess of such amount. Damiani, J. P., Titone, Lazer and Cohalan, JJ., concur.